IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.     CASE NO. 4:02cr36-SPM

JASEN ALLEN BADIA,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RETURN OF ONE HUNDRED DOLLARS**

Pending before the Court is Defendant Jasen Allen Badia's motion to compel return of seized property, specifically a one hundred dollar bill, pursuant to Federal Rule of Criminal Procedure 41(e) (now 41(g)).  Doc. 115.  As explained by the Government in its previous response (doc. 112), the one hundred dollar bill was not held as evidence.  Defendant received a receipt for the one hundred dollar bill in May of 2002.[1]  Defendant could have claimed the money then, but he did not do so.

The Tallahassee Police Department eventually transferred the money to the general revenue fund, presumably under section 705.105, Florida Statutes.  Although Defendant complains that he did not receive adequate notice of the transfer, Rule 41 is not the appropriate vehicle for challenging the transfer.

---

[1] See doc. 87, Defendant Jasen Badia's Reply to Government's Response to Defendant's Fed. R. Crim. P. Rule 41(e) Motion, dated April 11, 2005, p. 7.

United States v. Watkins, 120 F.3d 254 (11th Cir. 1997).  To the extent Defendant seeks equitable relief beyond Rule 41, Defendant appears to have adequate remedies at law.  See Watkins, 120 F.3d at 255 (noting possible legal claim against federal government under the Tucker Act); see also Butler v. State, 613 So.2d 1348, 1350 (Fla. 2d DCA 1993) (separate civil action in Florida is available when property is no longer in custody of the police department); Lockwood v. Pierce, 730 So.2d 1281, 1282 (explaining when a separate civil action is required to make a claim for seized property).  Based on the foregoing, it is

      ORDERED AND ADJUDGED that Defendant's motion (doc. 115) is denied.

      DONE AND ORDERED this 11th day of July, 2007.

      *s/ Stephan P. Mickle*
      Stephan P. Mickle
      United States District Judge